56 CCPA

### Application of Sigurd M. MOBERG.
### Patent Appeal No. 8135.

United States Court of Customs and Patent Appeals.
April 17, 1969.

Robert Henderson, New York City, attorney of record, for appellant, Robert I. Dennison, Washington, D. C., of counsel.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents, Fred W. Sherling, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

WORLEY, Chief Judge.

The issue here is whether the Board of Appeals committed reversible error in affirming the examiner's rejection of claims 1–6 of appellant's patent application[1] in view of certain prior art under 35 U.S.C. § 103.

The invention relates to a tamperproof seal of the type which may typically be used to seal electric meter housings, boxcar doors and the like. Referring to Figures 5 and 6 of the drawings, the

seal includes a body 12 of relatively soft plastic having two pockets 24 and 26 divided by a central rib 28. The pockets receive the free ends of a shackle 10 formed of stiff spring wire. The ends of the shackle are provided with reversely bent hooks 20 and 22 engaging the central rib. A forcible attempt to separate the shackle and the seal causes the hooks to burrow into, or become embedded in, the central rib (Figure 6).

Claim 1 is representative:

1. A shackle seal comprising a housing of plastic material formed with a deep, narrow pocket therein and a flexible wire schackle secured at one end thereof to said housing and being reversely bent adjacent its other end to provide thereon a hook having a divergent, reversed, free end portion; said hook being resilient and of such size in relation to opposed walls of said pocket as to be insertable into the pocket and to be under compression between said opposed walls, tending to expand the hook within the pocket to urge the free end of said reversed portion into acute angular engagement with one of said opposed walls, and the wire being sufficiently stiff and thin and the material of said one opposed wall being of such a degree of hardness that a substantial part of said free end portion of the hook becomes embedded into said one opposed wall upon attempted forcible pulling of the hooked end of the shackle from within the housing, whereby strongly to oppose such pulling.

1. Application of Siguard M. Moberg, Serial No. 336,953, filed January 10, 1964 and entitled "IMPROVEMENTS IN SEAL."

268

The solicitor contends that the claims stand or fall together. Appellant's reply brief argues that the various claims may be distinguished because claim 1 recites that the wire becomes embedded in the seal while the other claims recite that it burrows into the seal material. That difference in language, at least in the present context, does not seem to us to be of sufficient significance to raise a distinction as to the issue of patentability of the various claims. In the absence of more persuasive reasoning we adopt the solicitor's position.

The references are:

Denney 503,110 Aug. 8, 1893
Sturtevant 523,382 July 24, 1894
Schwester et al. 3,186,047 June 1, 1965

Denny discloses a tamperproof seal which, as shown in Figure 4,

Fig. 4.

Fig. 2.

includes a wire shackle C having reversely bent hooks C³ at its free extremities received within two pockets B in a seal body. Denney describes the seal body as being of a "hard and brittle or frangible material" such as baked clay or pottery.

Sturtevant also discloses a tamperproof seal illustrated by Figure 2 following:

The shackle A, passing through a slot C² in a body or tag C, receives a hook B positioned in a channel C¹ in the body. The hook B includes a pointed member B¹ for which Sturtevant discloses that:

It is understood that the pointed member B¹ embeds itself in the soft material of the tag and prevents the latter from being slipped inward on the strip A.

Schwester discloses a soft plastic bundling strap for electrical cables. In the words of the examiner:

* * * Schwester et al. clearly suggests, in a securing device, employing a plastic, Nylon for example, to be pierced by a pointed securing element, * * *.

The examiner rejected the claims as unpatentable over Denney in view of Sturtevant when considered with Schwester. It was the examiner's position that appellant's claims were readable on the Denney seal except for the limitation relating to the embedding of the hook and that it would be obvious to one skilled in the art to modify the Denney seal to permit embedding of the hook in soft material as shown by Sturtevant. Schwester was regarded as further evidence of the obviousness of using a soft plastic for that purpose.

Affirming the rejection of the claims, the board stated:

In view of the teachings of the Sturtevant patent, we consider the extent of penetration of Denney's hook terminals into the housing a matter of degree, depending on the relative hardness of the shackle and housing materials. With the development of plastic materials as we know it today, one has much to choose from in making a housing of brittle or relatively pliable plastic material. This is exemplified by the disclosure of the Schwester et al. patent.

Here appellant's main contention is that the teachings of the Sturtevant patent are insufficient taken in combination with Denney to overcome the fact that in Denney the hook does not become embedded in the housing. It is appellant's position that the material of Sturtevant's housing is not such that embedding of the hook occurs. Although we have carefully reviewed appellant's arguments on that point, the fact remains that they are flatly contradicted by the previously quoted and quite explicit statement in Sturtevant that the hook *"embeds* itself in the *soft* material of the tag." [Emphasis added.]

Thus we agree with the board that making Denney's housing of a suitably soft material, such as common plastics, would be obvious in view of Sturtevant's teaching of using a soft housing material to permit embedding of a hook member of a seal. That the soft material to be used could be a plastic seems almost self evident in light of the almost universal use of plastics in modern technology, although the examiner's citation of Schwester provides an explicit teaching if one were needed.

The decision is affirmed.

Affirmed.